UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GLOBAL AEROSPACE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-105-PLR-CCS |
| | ) | |
| PHILLIPS & JORDAN, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Compel Appraisal and Stay this Litigation Pending Appraisal [Doc. 44], filed by the Plaintiff. The parties appeared before the undersigned on July 23, 2015, to present oral arguments on this motion. The Court has fully considered the parties' positions, and for the reasons stated below, the Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

I.   **BACKGROUND**

Phillips & Jordan ("P&J") purchased a Broad Horizons Aviation Insurance Policy, No. 15000291, for the policy period June 1, 2014 to June 1, 2015 (the "Policy"). Plaintiff Global Aerospace Inc., ("Global"), issued the policy as the managing agent for an insurance pool. The Policy insured P&J's 2004 Beech Premier I airplane, N73PJ ("Aircraft") against physical

damage. The Policy states that the "Insured Value" of the Aircraft is $3,500,000. The Policy contains an appraisal process, which is:

> If [named insured] and the Company fail to agree as to the *cost to repair* the *physical damage*, either may, within sixty (60) days after proof of loss is filed, demand an appraisal. In such event, [named insured] and the Company shall each select a competent appraiser, and the appraisers shall select a competent and disinterested umpire. The appraisers shall appraise the *cost to repair* the *physical damage* and failing to agree shall submit their differences to the umpire. An award in writing of any two (2) shall determine the *cost to repair* the *physical damage*. [Named insured] and the Company shall each pay its chosen appraiser and shall bear equally the other expenses of the appraisal and the umpire. The Company shall not be held to have waived any of its rights by any act relating to appraisal.

[Doc. 1-1 at 29].

On September 30, 2014, the Aircraft sustained damage to the left main landing gear and left wing during a hard landing in Knoxville, Tennessee. P&J and Global obtained competing estimates of the costs of repairing the damages. The repair proposal obtained by P&J was in excess of $3,700,000 and was based on the cost of obtaining a new wing from Hawker Beechcraft. The two repair proposals obtained by Global utilized a used wing manufactured by Hawker Beechcraft rather than utilizing a new wing. Both of the repair proposals obtained by Global estimated the cost of repair to be approximately $1,000,000.00.[1]

Neither side will agree to adopt the other side's repair proposal. Thus, the issue before the undersigned is whether the parties should be ordered to continue the appraisal process outlined in the Policy in an effort to resolve the differences between the repair proposals or whether the parties' disputes should proceed to resolution in this Court at this time.

---

[1] Emery Air, Inc., a FAA Class IV Repair Station and a Beechcraft and Williams authorized service center provided a repair proposal in the amount of $984,280.00. Hawker Beechcraft provided a proposal installing a serviceable wing in the amount of $1,177,677.

2

## II. POSITIONS OF THE PARTIES

Global argues that, because the Policy contains an appraisal clause to resolve disputes regarding cost to repair, the Court should compel the parties to continue the appraisal process under the Policy and, specifically, compel them to continue to the next step of appointing an umpire. Global moves the Court to stay this litigation pending the completion of the appraisal process. In addition, Global moves the Court to extend the deadline for the parties' to hold their Rule 26(f) planning meeting, until after the issue of whether to order the parties back to the appraisal process is resolved.

P&J argues that Global has improperly framed the issue as one of competing appraisals, when the issue is actually one of legal interpretation of the Policy. P&J asserts that the parties agree that there are at least two valid appraisals. P&J maintains that the issue is whether the phrase "materials and parts of like kind and quality," which is not defined in the Policy, calls for use of new parts – and thus, would support the 3.7 million dollar proposal – or calls for equivalent used parts – and thus, would support a one million dollar proposal. P&J argues that this litigation should proceed and not be stayed.

## III. ANALYSIS

Jurisdiction in this case relies upon 28 U.S.C. § 1332, in that the controversy is between citizens of different states and the amount in controversy is greater than $75,000.00 exclusive of interest and costs. Therefore, the Court must apply the law of the forum state, Tennessee, in interpreting the parties' contract and its provisions. See Uhl v. Komatsu Forklift Co., Ltd., 512 F.3d 294, 302 (6th Cir. 2008).

"Insurance contracts are subject to the same rules of construction and enforcement as apply to contracts generally." McKimm v. Bell, 790 S.W.2d 526, 527 (Tenn. 1990). "An insurance policy must be interpreted fairly and reasonably, giving the language its usual and ordinary meaning." Naifeh v. Valley Forge Life Ins. Co., 204 S.W.3d 758, 768 (Tenn. 2006). Additionally, "insurance policies should be construed as a whole in a reasonable and logical manner." Travelers Indem. Co. of Am. v. Moore & Assoc., Inc., 216 S.W.3d 302, 305–06 (Tenn. 2007). "Under Tennessee law, an appraisal provision in an insurance policy is valid." Bard's Apparel Mfg., Inc. v. Bituminous Fire & Marine Ins. Co., 849 F.2d 245, 249 (6th Cir. 1988).

In this case, the Court finds that the appraisal provision in the Policy is valid, and the Court further finds that the parties must complete the appraisal process contemplated therein. There is no dispute that: (1) the parties have each selected a competent[2] appraiser to evaluate the claimed loss and (2) the appraisers do not agree as to the cost to repair the physical damage to the Aircraft. Therefore, the appraisal provision dictates that the two appraisers must select a "competent and disinterested umpire" and submit their cost estimates to the umpire. [Doc. 1-1 at 29]. When the umpire sides with one of the two appraisers, the umpire and the appraiser are to jointly issue an award in writing as the final determination of the cost to repair the physical damage. [See id.]. It appears to the undersigned that it is time for an umpire to be appointed so that the umpire can select an appraiser with which to agree. The umpire's decision will be memorialized in a written opinion that can be litigated in this Court.

The Court finds that proceeding with the appraisal process is not only consistent with the terms of the Policy, but it will potentially save both party resources and judicial resources. When

---

[2] The parties take issue with the appraisers' evaluations, but neither argued at the hearing that the opposing side's appraiser was incompetent and thus outside the bounds of the appraisal provision.

4

the appraisal process is completed, the likelihood of the parties reaching a settlement will increase, because each party will know where it stands upon a return to litigation. Moreover, the final written decision will give both of the parties a target at which to direct their arguments either in support or opposition. Depending on the umpire's determination, the written decision could potentially eliminate the need for future litigation in this Court, and at a minimum, it will streamline any future litigation.

In addition, the Court finds that the trial schedule in this case affords plenty of time to complete the appraisal process without impeding upon the trial setting. This case is not set for trial until December 6, 2016, and discovery will not close until September 2016, approximately a year from now. Thus, the Court finds that there is plenty of time to complete the appraisal process. The Court finds no need to stay this case. However, the Court will extend the parties' time for conducting their discovery conference and completing Rule 26(f) disclosures.

Finally, the Court notes that its decision regarding the appraisal provision is limited in scope to the appraisal process of the Policy and arriving at the cost of repair for the physical damage. The undersigned is not making a determination as to the scope of coverage, nor is the undersigned offering any opinion as to whether repair using a "used" wing or a "new" wing would fulfill the provision directing that a "part of like kind and quality" be used in repairs. Any such decisions will be made by the presiding District Judge at the appropriate time following completion of the appraisal process.

5

## IV. CONCLUSION

Accordingly, the Motion to Compel Appraisal and Stay this Litigation Pending Appraisal **[Doc. 44]** is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The parties are **ORDERED** to instruct their respective appraisers to agree upon a competent umpire within **45 days** of entry of this Memorandum and Order.

2. The umpire **SHALL** decide with which appraiser he or she agrees and provide a written decision to the parties memorializing his or her determination within **120 days** of entry of this Memorandum and Order.

3. The parties **SHALL** file a notice in the record within **150 days** of entry of this Memorandum and Order stating: (1) the umpire's decision and (2) whether the parties intend to proceed with or dismiss this case.

4. If the parties elect to proceed with this case, they **SHALL** conduct their discovery conference and exchange their initial disclosures under Rule 26(f) within **160 days** of entry of this Memorandum and Order and thereafter begin taking discovery and complying with any and all deadlines contained in the Scheduling Order.

5. The request to stay this case is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge